# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ABANOUB BEBAWY ISKANDAR MEGALY,

    Petitioner,

v.                                                                        No. 1:26-cv-00511-MLG-KK

GEORGE DEDOS, Warden of Cibola County
Correction Center in New Mexico;
IMMIGRATION AND CUSTOMS
ENFORCEMENT; KRISTI NOEM, Secretary,
U.S. Department of Homeland Security; U.S.
DEPARTMENT OF HOMELAND SECURITY;
PAMELA BONDI, U.S. Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION
REVIEW; OTERO COUNTY PROCESSING
CENTER; MARY DE ANDA-YBARRA, Acting
Director of the El Paso Field Office of Ice's
Enforcement and Removal Operations Division,

    Respondents.

## ORDER FOR SUPPLEMENTAL BRIEFING

Petitioner Abanoub Bebawy Iskandar Megaly, a citizen of Egypt, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 3, on February 20, 2026. The Court entered an Order to Show Cause on February 23, 2026, requiring that the United States Attorney's Office for the District of New Mexico ("USAO") respond to the Petition within ten business days and show cause as to why the requested relief should not be granted. Doc. 5 at 2. The USAO failed to respond by the March 9, 2026, deadline, and as of this filing, has still not responded.[1] Megaly filed a Motion to Rule on the Merits Due to Respondents' Failure to Comply, Doc. 7, on March 11, 2026. He requests that

---

[1] The Clerk's Office electronically served Megaly's Petition on Respondents in accordance with the Standing Order filed January 28, 2026. *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026); Doc. 4 (indicating electronic service was completed on February 20, 2026).

1

the Court deem federal Respondents' failure to respond as a waiver of their opposition, and order his immediate release. Doc. 7 at 4.

It appears Megaly may be entitled to this relief. According to the Petition, Megaly was released by federal immigration authorities on his own recognizance after Immigration and Customs Enforcement determined that he was not a danger or a flight risk. *See* Doc. 3 at 10. Megaly asserts that he has no criminal record and that he was not provided with a pre-deprivation hearing prior to being re-detained in December 2025. *Id.* at 7-8. If this is true, his current detention may be a violation of his due process rights, and immediate release may be warranted. *See, e.g.*, *Diallo v. Orozco*, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *2-5 (D.N.M. Mar. 4, 2026).

Accordingly, by 3 p.m. Tuesday, March 17, 2026, the USAO must file supplemental briefing providing additional information about Megaly's detention. At a minimum, the supplemental briefing must address whether Megaly was granted conditional parole pursuant to § 1226(a)(2)(B)[2] prior to his detention in December 2025, and if he was, whether his parole was formally revoked following a pre-deprivation hearing prior to his re-detention. The USAO shall attach any documents in federal Respondents' possession that are relevant to the Court's consideration of whether Megaly is entitled to immediate release. They must also explain their position, if any, on whether the Court should grant such relief.

---

[2] Documents authorizing such parole may cite Section 236 of the Immigration and Nationality Act, which is codified at § 1226. This form of parole is alternatively known as release on recognizance. *See, e.g.*, *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025) (explaining that releasing a noncitizen on their own recognizance "is not humanitarian or public benefit parole into the United States under §§ 1225 and 1182(d)(5)(A), but rather[,] a form of conditional parole from detention, authorized under § 1226" (citation modified)).

Within seven days of this Order's filing, Megaly is encouraged—but not required—to file any documentation in his (or his family's) possession that may assist the Court in its review of his Petition.

It is so ordered.

                                            UNITED STATES DISTRICT JUDGE
                                            MATTHEW L. GARCIA